# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARL WILLIAM BERNTSEN and**
**MARION FRANCES BERNTSEN,**

        **Plaintiffs,**

v.                                                    **Case No. 04-C-548**

**CONELL LAW OFFICE and**
**KENNETH H. CONELL,[1]**

        **Defendants.**

## DECISION AND ORDER

Pro se plaintiffs Carl and Marion Berntsen allege that defendant[2] violated § 1692g of the Fair Debt Collection Practices Act ("FDCPA") when he brought a foreclosure action in state court without providing them with written notice of certain statutory rights within five days of service. Plaintiffs also allege that defendant violated several sections of the Bankruptcy Code by bringing the foreclosure action while a stay order was in effect. Defendant now moves for summary judgment. I must grant defendant's motion if the record discloses no genuine issue of material fact. Fed. R. Civ. P. 56(c). In considering the motion, I draw all inferences in the light most favorable to the plaintiffs. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

On July 12, 2001, defendant filed a mortgage foreclosure against plaintiffs. It is undisputed that defendant did not provide plaintiffs with required notice of statutory rights as required by the FDCPA. A hearing on the foreclosure action was set for February 26, 2002.

---

[1]Plaintiffs also named a number of John Doe defendants but I have dismissed plaintiffs' claims against them.

[2]Plaintiffs named the Conell Law Office and Attorney Kenneth H. Conell as defendants. I will refer to them as "defendant."

However, on January 22, 2002, plaintiffs filed their "first" Chapter 13 bankruptcy petition in the Eastern District of Wisconsin. Defendant received notice of the filing and adjourned the default hearing. On February 14, 2002, plaintiffs' first bankruptcy case was dismissed for failure to file completed schedules. Following dismissal defendant reinstated the foreclosure case and set the hearing for April 12, 2002, and provided notice to plaintiffs.

On April 10, 2002, plaintiffs filed a second Chapter 13 Bankruptcy petition. However, plaintiffs did not notify their creditors and the court did not send out a notice to creditors until June 9, 2002. Further, defendant was not included on the list of creditors noticed by the court. Plaintiffs did not attend the foreclosure hearing and a default judgment of foreclosure was entered against plaintiffs on April 12, 2002.

In September, 2002, plaintiffs filed a motion for sanctions against defendant in bankruptcy court pursuant to 11 U.S.C. §§ 362 & 1301, alleging that the foreclosure action violated the automatic stay in effect for the second bankruptcy proceeding. The court held a hearing on the matter on October 22, 2002. Plaintiffs were permitted to submit evidence and provide testimony at the hearing. However, after considering all of the evidence, the bankruptcy court found it undisputed that defendant had not received notice of the second bankruptcy action and, therefore, had not wilfully violated the automatic stay in violation of § 362. On June 8, 2004, plaintiffs filed the present action.

Defendant argues that plaintiffs' FDCPA claim is barred by the one year statute of limitations provided in § 1692k(d). A cause of action under the FDCPA accrues on the date a collection letter or complaint is filed. Mattson v. U.S. W. Commc'n, Inc., 967 F.2d 259, 261 (8th Cir. 1992). However, when a plaintiff alleges that a debt collector failed to provide a notice of rights within five days of the initial communication in violation of § 1692g of the FDCPA, the cause of action accrues five days after the debt collector sent the initial

communication. See Panko v. Pellettiere & Assoc., P.C., No. 04-C-3981, 2004 WL 2191574 *2 (N.D.Ill. Sep. 27, 2004). In the present case, defendant filed a state court foreclosure action on July 12, 2001, and, therefore, had to provide the § 1692g notice by July 17, 2001. Thus, the one year limitation period expired on July 17, 2002. However, plaintiffs did not bring the present action until June 8,, 2004. Therefore, their § 1692g claim is untimely and must be dismissed.

Plaintiffs also seek damages based on defendant's alleged violation of §§ 362(h) and 1301[3] of the Bankruptcy Code by bringing a foreclosure action while an automatic bankruptcy stay was in effect. Section 362(h) permits a person who is "injured by any willful violation of a stay" to recover damages. In order to establish a willful violation, plaintiffs must show that defendant knew of the bankruptcy filing before bringing the foreclosure action. Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004). In response to this claim, defendant makes several arguments. First, defendant argues that I do not have jurisdiction of the claim based on the Rooker-Feldman doctrine which provides that lower federal courts lack jurisdiction to review state court decisions. See Holt v. Lake County Brd. of Comm'r, 408 F.3d 335, 336 (7th Cir. 2005). However, I find this argument unpersuasive because plaintiff does not ask me to review a state court decision.

Second, defendant argues that plaintiffs' § 362(h) claim is barred by the doctrine of collateral estoppel. Collateral estoppel precludes relitigation of issues when (1) the plaintiffs were parties in the earlier action, (2) the issue was litigated and decided on the merits, (3) the resolution was necessary and (4) the issues are identical. Apply v. West, 832 F.2d 1021, 1025 (7th Cir. 1987). Here, plaintiffs were a party in the bankruptcy action, and filed a motion

---

[3] I will dismiss plaintiffs' § 1301 claim because § 1301 does not provide a private right of action for damages.

for sanctions under § 362. On hearing their motion, the bankruptcy court determined that defendant did not violate the automatic stay because he had no notice of the bankruptcy proceeding when he brought the foreclosure action. (Defendant's Proposed Facts, Ex. G pp. 83-85.) Defendant's collateral estoppel argument seems correct because the bankruptcy court appears to have decided the identical issue that plaintiffs raise in the present proceeding. See Adair v. Sherman, 230 F.3d 890, 893 (7th Cir. 2000). However, even if collateral estoppel does not bar plaintiffs' § 362(h) claim, the claim fails on the merits. No reasonable jury could conclude that defendant wilfully violated the stay because the record demonstrates unequivocally that defendant had not been notified of plaintiffs' bankruptcy filing when they brought the foreclosure action. (Defendant's Mot. for S.J., Ex. G, pps. 43, 45, 65).

**THEREFORE IT IS ORDERED** that defendant's motion for summary judgment must be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel (Docket # 19) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 17 day of April, 2006.

/s_____
LYNN ADELMAN
U.S. District Judge

-4-
Case 2:04-cv-00548-LA   Filed 04/18/06   Page 4 of 4   Document 34